# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998

FILED

October 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9710-CC-00419 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY BLACKWOOD |
| BRENT BROWN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Sentencing) |

FOR THE APPELLANT:

DAVID CRICHTON
111 W. Market Street
P. O. Box 651
Bolivar, TN 38008

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

ELIZABETH RICE
District Attorney General

JERRY NORWOOD
Assistant District Attorney
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On May 5, 1997, Appellant Brent Brown was indicted by the Hardeman County Grand Jury on one count of aggravated robbery and two counts of aggravated assault. On September 9, 1997, Appellant pleaded guilty to the offenses as charged. A sentencing hearing was also held on September 9, 1997, after which the trial court sentenced Appellant to nine years for the aggravated robbery conviction and three years for each aggravated assault conviction. Appellant challenges only his sentence for the aggravated robbery conviction, raising the following issue: whether the trial court properly considered Appellant's juvenile record as a basis for enhancing his sentence for the aggravated robbery conviction.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

On December 6, 1996, Appellant and another armed man entered and robbed a convenience store in Hardeman County. After entering the convenience store, Appellant and the other man both pointed guns at the three individuals in the store and forced one of them to open the cash register. Appellant and the other man took approximately $300 from the register and left the store.

At the sentencing hearing, the State's evidence consisted of the presentence report and one witness. The presentence report indicated that

Appellant had a juvenile record which consisted of eight delinquent acts: three for disorderly conduct, one for a traffic offense, one for shoplifting, one for an act that was not defined, and two for theft of property worth more than $500. Counsel for Appellant cross-examined the State's witness, but otherwise presented no evidence.

After hearing the testimony, the arguments of counsel, and reviewing the presentence report, the trial court ruled:

> The Court finds that you have a prior history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range, and that enhancement factor outweighs the fact that you have admitted your guilt, as a mitigating factor; and the Court sentences you to nine (9) years in the first count of the indictment; and three (3) years in the second and third counts of the indictment, as a Standard Offender, to serve thirty (30) percent before you're eligible for release classification. These sentences will run concurrently, and you'll be given credit for 249 days.

## USE OF APPELLANT'S JUVENILE RECORD

Appellant contends that the trial court improperly considered his juvenile record when it enhanced his sentence for aggravated robbery from eight years to nine years. Specifically, Appellant contends that juvenile records cannot be used under Tennessee Code Annotated § 40-35-114(1), which allows for enhancement if "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1) (1997).

Under Tennessee law, "[w]hen reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The defendant has the burden of demonstrating that the sentence is improper." Id.

A portion of the Sentencing Reform Act of 1989, codified at Tennessee Code Annotated § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6 ) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210 (1997). In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the

mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." Tenn. Code Ann. § 40-35-210(f) (1997). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. Tenn. Code Ann. § 40-35-210 (1997) comment. Because the trial court failed to make any findings of fact, our review is de novo without a presumption of correctness.

In 1995, the Legislature amended Tennessee Code Annotated § 40-35-114 by adding enhancement factor (20), which allows for enhancement of a sentence if "[t]he defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." Tenn. Code Ann. § 40-35-114(20) (1997). Appellant contends that after this 1995 amendment, factor (20) became the exclusive factor for enhancing a sentence based on a defendant's juvenile record. We agree. Indeed, this Court has previously stated:

> A recent amendment to Tenn. Code. Ann. § 40-35-114 requires that only those delinquent acts by a juvenile that would constitute a felony if committed by an adult be considered to enhance a sentence. That provision of the act took effect on July 1, 1995, and applies to sentencing of any defendant committing an offense on or after that date.

State v. Shipley, No. 02C01-9601-CR-00031, 1997 WL 21190, at *7 n.1 (Tenn. Crim. App., Jackson, Jan. 22, 1997); State v. Timothy Adams, No. 02C01-9512-CC-00376, 1997 WL 1821, at *4 n.4 (Tenn. Crim. App., Jackson, Jan. 3, 1997).[1] Thus, Appellant is correct that for offenses committed on or after July 1, 1995, a court may only consider juvenile offenses under factor (20) and further, may only consider offenses that would have been felonies if committed by an adult.[2] However, the fact that we agree with Appellant that the trial court erred in considering his juvenile record under factor (1) does not mean that he is entitled to a reduction in his sentence. Indeed, the presentence report indicates that Appellant was twice adjudicated delinquent for acts, (theft of property worth more than $500,) that would have been Class E felonies if committed by an adult. See Tenn. Code Ann. § 39-14-105 (1997). Thus, although the trial court erred in considering the other delinquent acts that would not have been felonies if committed by an adult, it correctly considered these two delinquent acts under factor (20). We agree that this enhancement factor outweighs the fact that Appellant admitted his guilt. Therefore, we find the trial court's determination of the length of sentence to be appropriate.

Accordingly, the judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE

---

[1]It is true that the Tennessee Supreme Court has stated that a court may properly consider juvenile convictions under factor (1). State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993). However, this case was decided before the Legislature amended the statute.

[2]Appellee's Brief contains a lengthy footnote which cites numerous cases in an attempt to show that this Court has allowed consideration of any juvenile offense under factor (1), even after the 1995 amendment. However, an examination of these decisions indicates that in every one of them, the offenses involved were committed before July 1, 1995 (with the exception of one decision that does not indicate when the offense was committed).

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE